**State of NEVADA, Petitioner**

v.

**NUCLEAR REGULATORY COMMIS-
SION and United States of Amer-
ica, Respondents.**

No. 05–1350.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 22, 2006.

Marta A. Adams, Attorney General's Office of State of Nevada, Carson City, NV, Martin Guilbert Malsch, Robert John Cynkar, Joseph R. Egan, Egan, Fitzpatrick, Malsch & Cynkar, PLLC, Vienna, VA, Charles J. Fitzpatrick, Egan, Fitzpatrick, Malsch & Cynkar, PLLC, San Antonio, TX, for Petitioner.

Steven Fredrich Crockett, John F. Cordes, Jr., Solicitor, E. Leo Slaggie, Deputy Solicitor, U.S. Nuclear Regulatory Commission, (NRC) General Counsel, Washington, DC, for Respondents.

Before: RANDOLPH and BROWN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

This petition for review of a decision of the Nuclear Regulatory Commission was presented to the court, and briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that the petition be dismissed.

Petitioner claims that the Nuclear Regulatory Commission's Waste Confidence Rule, 10 C.F.R. § 51.23 (1984)—which, for our purposes, refers also to the incorporated Waste Confidence Decision, 49 Fed. Reg. 34,688 (Aug. 31, 1984), and the subsequent Waste Confidence Decision Review, 55 Fed.Reg. 38,472 (Sept. 18, 1990)—will skew the judgment of the Commissioners during the Yucca Mountain licensing proceeding expected to occur in several years. We find that petitioner does not have standing to raise this claim because petitioner can point to no injury in fact as a legal or practical consequence of the Rule.

The Rule has no legal effect in the anticipated Yucca Mountain licensing proceeding. The Rule affects only licensing proceedings for "reactor facility storage pools or independent spent fuel storage installations," 10 C.F.R. § 51.23(b), not proceedings for geologic nuclear waste repositories such as Yucca Mountain. It is of no consequence that the Commission may need to

revisit the Rule if it denies the Yucca Mountain license. The tail does not wag the dog; the licensing proceeding may have a legal effect on the Rule, but not vice versa.

The notion that the Rule will have a practical influence on future Commissioners during the Yucca Mountain licensing proceeding is a prediction of bias that is neither actual nor imminent. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted). Bias in a proceeding that *might* take place *years* from now is not "actual or imminent." Because petitioner can point to no injury in fact, petitioner lacks Article III standing and the court lacks jurisdiction to grant relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.